IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LITTLE JOHN PATRICK MARCUS,

                Petitioner,

     v.

COREY FHUERE,

                Respondent.

Case No. 6:21-cv-01446-MO

OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
James Aaron, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of six Clackamas County convictions dated October 13, 2015. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#6) is denied.

## BACKGROUND

On July 6, 2014, the Clackamas County Grand Jury indicted Petitioner on four counts of Using a Child in a Display of Sexually Explicit conduct, nine counts of Luring a Minor, two counts of Online Corruption of a Child in the First Degree, and one count each of Online sexual Corruption of a Child in the Second Degree, Encouraging Child Sexual Abuse in the First Degree, Encouraging Child Sexual Abuse in the Second Degree, and Failure to Report as a Sex Offender. Respondent's Exhibit 102. The charges stemmed from Petitioner's online correspondence with four children.

On December 21, 2014, Petitioner asked the Court to dismiss his attorney of record. Respondent's Exhibit 118, pp. 38-40. The Court permitted counsel to withdraw, and provided Petitioner with substitute counsel in January 2015. At that time, Petitioner's first attorney had already successfully sought two continuances of the trial date. Thereafter, Petitioner's second attorney successfully moved for three more continuances, and the trial was scheduled to commence on October 13, 2015.

On October 9, 2015, defense counsel emailed the prosecutor to seek out his position on another continuance, the sixth overall. The prosecutor responded that not only he would oppose another continuance, but any such motion it was unlikely to succeed where the trial judge had

stated "no more resets" at the attorneys' last appearance.[1] Respondent's Exhibit 113, p. 8. Defense counsel nevertheless proceeded to draft another motion for continuance which she apparently presented to the trial judge four days before trial.[2] In her supporting affidavit, counsel stated that the defense needed additional time because Petitioner wished to participate in global plea negotiations whereby he could resolve not only the Clackamas County charges at issue in this case, but similar charges that were pending in Marion County as well. *Id* at 90. The trial judge denied the motion.

On the day Petitioner's trial was due to commence, he pleaded guilty to two counts of Luring a Minor, and one count each of Online Sexual Corruption of a Child in the First Degree, Using a Child in a Display of Sexually Explicit Conduct, Encouraging Child Sexual Abuse in the First Degree, and Encouraging Child Sexual Abuse in the Second Degree. Respondent's Exhibit 103. As part of the plea deal, the State agreed to dismiss the remainder of the charges and recommend a 240-month prison sentence. *Id.* The trial court accepted Petitioner's plea and imposed the recommended 240-month sentence. Respondent's Exhibit 104.

Petitioner took a direct appeal. During the pendency of the appeal, the trial court amended the Judgment to eliminate a $60 fine it had imposed as to each conviction, thereby mooting one of Petitioner's claims. Respondent's Exhibit 107, p. 5. n.1. As to the remainder of his claims, the Oregon Court of Appeals affirmed the trial court's decision without issuing a

---

[1] Counsel's representation was accurate, where the judge's handwritten note granting the fifth continuance stated that the defense would not receive any additional continuances. Respondent's Exhibit 118, p. 85.

[2] Counsel drafted the motion for continuance on Friday, October 9, and the prosecutor advised her that she "MUST hand walk [her] motion through filing and deliver to [the judge]." Respondent's Exhibit 113, p. 8. The prosecutor stated that he did not object to such ex-parte communication with the judge on this issue. *Id*. In this respect, although the motion for continuance was not docketed until Monday, October 12, it appears counsel presented the motion for a ruling the prior week.

written opinion, and the Oregon Supreme Court denied review. *State v. Marcus,* 285 Or. App. 889, 395 P.3d 996, *rev. denied,* 361 Or. 886, 403 P.3d 764 (2017).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where he alleged that trial counsel was ineffective when she: (1) failed to timely move for a continuance and had not filed any pretrial motions or subpoenaed any witnesses; (2) overcame Petitioner's will to exercise his right to trial when she informed him that the plea agreement was his only option; and (3) failed to prepare Petitioner's defense and develop evidence of his innocence. Respondent's Exhibit 112. The PCR court granted summary judgment in favor of the State on the first claim and third claims because Petitioner failed to provide any evidence to support them. Respondent's Exhibit 125, pp. 14-16. The PCR case proceeded to a hearing on the second claim at which the PCR court denied relief because Petitioner failed to meet his burden of proof. Respondent's Exhibit 126, pp. 14-15.

Petitioner appealed the PCR court's disposition of his claims. However, when his attorney was unable to find any arguably meritorious issues to raise, she filed a brief pursuant to Oregon's *Balfour* procedure.[3] Respondent's Exhibit 105. Petitioner filed *pro se* briefing which included the claims he argued to the PCR court, but the Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion. *Marcus v. Kelly,* 310 Or. App. 868, 484 P.3d 1083 (2021). The Oregon Supreme Court denied Petitioner's subsequent Petition for Review. 368 Or. 513, 493 P.3d 507 (2021).

---

[3] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour,* 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

On October 4, 2021, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case, and the Court appointed counsel to represent him. With the assistance of appointed counsel, Petitioner filed his Amended Petition in which he raises ten grounds for relief. Respondent asks the Court to deny relief on the Amended Petition because: (1) Grounds Seven through Ten fail to raise claims that are cognizable in a federal habeas corpus case; (2) Petitioner failed to fairly present the claims in Grounds Two through Five to Oregon's state courts, leaving them procedurally defaulted; and (3) the state-court decisions denying relief on Grounds One and Six were reasonable.

## <u>DISCUSSION</u>

## I.    <u>Standard of Review</u>

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle

from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II.  <u>Unargued Claims</u>

In his briefing, Petitioner contends that trial counsel was ineffective because her failure to prepare for trial left him without a meaningful opportunity to exercise his right to trial, thereby resulting in a coerced guilty plea. Despite the assistance of appointed counsel, Petitioner's supporting memorandum does not specify which of the ten grounds for relief from his Amended Petition he is arguing in this case. Petitioner's argued claims appear to correlate to Grounds One and Six of the Amended Petition. Where he does not present argument on Grounds Two, Three, Four, Five, Seven, Eight, Nine, and Ten, they are denied on the basis that Petitioner fails to sustain his burden of proof. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

## III.  <u>Ineffective Assistance of Counsel</u>

According to Petitioner, his trial attorney failed to timely move for a sixth (overall) continuance, prompting the judge to deny the motion. This, he argues, put him in a difficult position where his attorney was not prepared to try the case, and his forensic computer expert, Roy Miller, was not available to testify on the date his trial was due to commence. He asserts that based on counsel's failure to prepare for trial, she advised him to plead guilty on the very day of trial, incorrectly informing him that he could still opt for a jury trial after he entered his guilty plea. He concludes that counsel's errors forced him to involuntarily accept the State's plea offer.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.  In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During his PCR proceedings, Petitioner submitted his own Declaration wherein he stated that although it had always been his wish to proceed to trial, it was not a viable option where: (1) Roy Miller, an important witness for the defense, was unavailable for the October 13 trial date; (2) his attorney was not prepared to proceed to trial; and (3) counsel advised him that if he entered the plea, she "would be able to get the plea undone and the trial reinstated[.]"

Respondent's Exhibit 119. A main issue underlying Petitioner's claims is his contention that had counsel moved for the sixth continuance at an earlier time, the trial court would have granted the motion and counsel would have had sufficient time to prepare for trial. The PCR court found no evidentiary basis for this position:

> . . . there's no evidence to support that if a timely motion had been filed, the court was going to grant that, there's just really no evidence that supports that. There's not a lot of evidence that really supports how the court may have ruled if the motion had been filed earlier, other than there is some statement in the record, I think through an email, that would indicate that at least in the . . . deputy district attorney's opinion that trial court was probably unlikely to grant that, but that's not the burden . . . in this particular case. Petitioner bears the burden to establish that, had a timely motion been filed, it would have been granted, I don't believe that there's evidence on that that's sufficient to overcome the motion for summary judgment. . . .

Respondent's Exhibit 125, p. 14.

With respect to Petitioner's claim that counsel failed to prepare a defense, the PCR court found summary judgment in the State's favor to be appropriate given the lack of evidence adduced during the PCR proceedings: "I really don't have any evidence to support what [counsel] should have done differently, what could have been done differently, and how that would have somehow made a difference." *Id* at 15-16. Although Petitioner's claim regarding the voluntariness of his plea survived summary judgment, the PCR court denied that claim following a hearing where Petitioner failed to bring forth sufficient evidence to sustain his burden of proof. Respondent's Exhibit 126, p. 15.

In this habeas corpus case, Petitioner continues to argue that had counsel moved for the sixth continuance in a timelier fashion, the trial court would have granted it, thereby allowing counsel to prepare more fully for trial. Not only did Petitioner fail to present any evidence to this

effect during his PCR action but, when the trial judge granted the defense's fifth continuance, his written ruling specifically stated that the defense would not be entitled to any additional "resets." Respondent's Exhibit 118, p. 85. The deputy district attorney reminded defense counsel of that ruling when they conferred about a sixth continuance. Respondent's Exhibit 113, p. 8. In light of this record, Petitioner's speculation that a timelier motion would have been successful is not well-taken.

Petitioner also continues to fault defense counsel for not more fully preparing for trial so as to allow him a genuine opportunity to reject the State's plea offer. Where Petitioner did not proceed to trial, the absence of an evidentiary record makes it more difficult to establish counsel's level of preparation. "Hindsight and second guesses are . . . inappropriate, and often more so, where a plea has been entered without a full trial. . . ." *Premo v. Moore*, 562 U.S. 115, 132 (2011). "A trial provides the full written record and factual background that serve to limit and clarify some of the choices counsel made." *Id*.

Although Petitioner submitted a self-serving PCR Declaration that he would have insisted on proceeding to trial had counsel more adequately prepared, he failed to present the PCR court with any meaningful evidence as to what, specifically, his attorney would have discovered through additional investigation that might have made trial a more viable option for him.[4] *See Turner v. Calderon,* 281 F.3d 851, 881 (9th Cir. 2002) (self-serving statements alleging constitutional infirmity are not sufficient to upend state convictions); *Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000) (self-serving affidavit insufficient to prove ineffective assistance of counsel). Although he states that Miller's testimony was critical to his defense, he did not present

---

[4] The PCR court's decision can also be viewed as involving an implied determination that Petitioner's Declaration was not credible. Petitioner provides no clear and convincing evidence to rebut this factual finding.  *See* 28 U.S.C. § 2254(e)(1).

the PCR court with any evidence as to how Miller would have testified if called at a trial. Speculation as to how Miller would have testified cannot establish prejudice. *See Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir. 1997). In this regard, his case presented a situation where: (1) he faced 19 felonies, 13 of which (including three Class A felonies) the State agreed to dismiss in exchange for a plea; (2) he had signed a plea petition indicating that he was satisfied with his attorney's performance and was entering his guilty plea voluntarily; (3) he declared in open court that he was, in fact, guilty of the six charges the State did not dismiss; and (4) he failed to present the PCR court with any material evidence to substantiate his claims. Respondent's Exhibit 103; Respondent's Exhibit 104. Faced with this record, the PCR court properly found that Petitioner failed to carry his burden of proof. At a minimum, the PCR court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

## IV.    <u>Actual Innocence</u>

Petitioner also submits a Declaration in this case with supporting documentation in an attempt to make a "gateway" showing of actual innocence. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, Petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United*

*States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

As an initial matter, it is unclear whether *Schlup*'s actual innocence is available to Petitioner. In *Schlup,* the Supreme Court extended the actual innocence gateway only to habeas petitioners convicted following a trial, and the Ninth Circuit recognizes "a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007). However, even assuming a petitioner who pleads guilty can potentially satisfy *Schlup,* Petitioner has not introduced new evidence of his innocence by which he can establish that no reasonable juror would have convicted him at a trial.[5] He therefore cannot pass through the *Schlup* gateway.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#6) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

2/3/2023
DATE

*Michael W. Mosman*

Michael W. Mosman
United States District Judge

---

[5] Petitioner also does not identify which procedural deficiency he is seeking to excuse through a gateway showing of actual innocence.